## CIRCUIT COURT OF THE CITY OF ROANOKE

Keith Daniel Chapoton

v.

Majestic Caterers, Inc.,
t/a La Maison Du Gourmet
and Pete C. Karageorge

Case No. (Chancery) 87-000688

By JUDGE ROY B. WILLETT

February 16, 1989

*Findings and Decree*

This matter is before the court upon defendant's Motion for Summary Judgment. The court is presented with the issue of whether an asymptomatic carrier of the acquired human immune deficiency syndrome (AIDS) virus is protected under the Virginians with Disabilities Act, Va. Code Section 51.5-1 (1988) *et seq.* (the Act) (formerly codified at Va. Code § 51.01-1). The court has considered the arguments of counsel of record and memoranda of law in support of their respective positions and finds as a matter of law that the General Assembly intended to include within the scope of the Act's protection individuals who have an asymptomatic infection with the AIDS virus. The court also finds that there are material facts genuinely in dispute, and accordingly, the court denies defendants' motion for summary judgment and the same is so adjudged, ordered and decreed.

The court further finds that in its order entered March 21, 1988, it mistakenly overruled the demurrers of defendant Pete C. Karageorge to the bill of complaint. Accordingly, the court sustains the demurrers of defendant

Pete C. Karageorge and adjudges, orders and decrees that the bill of complaint is dismissed as to him.

The court notes that the only remaining cause of action in the bill of complaint is that brought against defendant, Majestic Caterers, Inc., under the Virginians with Disabilities Act. Counsel of record have indicated that all pre-trial motions have been made and ruled upon and that discovery has been completed. Accordingly, the cause has matured and is ready for trial.

May 26, 1989

*Judgment and Decree*

On this day came the parties, with counsel, for trial of this matter on its merits. Upon presentation of the evidence and arguments of counsel, the court finds that defendant, Majestic Caterers, Inc., t/a La Maison Du Gourmet, violated Virginia Code Section 51.01-41 (now codified at § 51.5-41) when it discharged plaintiff Keith Daniel Chapoton from employment. Defendant takes exception to this finding.

The court also finds from the evidence that plaintiff, Keith Daniel Chapoton, incurred compensatory damages in the amount of $1,000 as a result of defendant's violation of Virginia Code Section 51.01-41. Both plaintiff and defendant take exception to this finding.

Accordingly, it is adjudged, ordered and decreed that judgment in the amount of $1,000 is granted in favor of plaintiff, Keith Daniel Chapoton, and against defendant, Majestic Caterers, Inc., t/a La Maison Du Gourmet.

Plaintiff's motion for attorneys' fees pursuant to Virginia Code Section 51.01-46 is continued until Monday, June 5, 1989, at 3:30 p.m.

June 7, 1989

Due to the uniqueness of the AIDS disease and the absence of authority, either judicial or legislative, regarding the legal status of both those affected by and infected with AIDS, the resolution of this cause is apparently one of first impression in Virginia. As you know, the Court ruled that the plaintiff had stated a cause

of action under Virginia Code Section 51.01-41 (Title 51.01 has now been recodified as Title 51.5 by the Virginia Code Commission). Virginia Code Section 51.01-41(A) (now Section 51.5-41) provides that no employer shall discriminate in employment or promotion practices against an otherwise qualified person with a disability solely because of such disability. The Court found that the Plaintiff herein is a person who has a physical impairment which substantially limits one or more of his major life activities. Section 51.5-3 (formerly 51.01-3). Further references herein will be to the current code section numbers. This Court made the factual determination that the infection of the Plaintiff with the AIDS virus with which the Plaintiff herein is infected did and does substantially limit one or more of his major life activities. Certainly the emotional effects are severe. The prospective inability to avoid other infections amounts to a significant and major life activity which is impaired by the disease in question.

While the Virginia Supreme Court has not decided any such cases under the Virginians with Disabilities Act, the United States Supreme Court has held that a contagious disease is a handicap under the Rehabilitation Act. In *School Board of Nassau County v. Arline*, 480 U.S. 273, 94 L. Ed. 2d 307, 108 S. Ct. 1123 (1987), Arline, a school teacher, was terminated by her employing school board solely because she had tuberculosis. Holding that a person suffering from a contagious disease is handicapped and is thereby protected from employment discrimination by the Federal Rehabilitation Act, the Court found that "such an impairment might not diminish a person's physical or mental capabilities but could nevertheless substantially limit that person's ability to work as a result of the negative reactions of others to the impairment." See page 318 of 94 L. Ed. 2d. The United States Supreme Court did not decide whether a person with AIDS is covered by the Act, but it also did not rule that AIDS is not a handicap. This Court feels that AIDS is looked upon now much as tuberculosis was when it began its spread throughout this country.

My study of this disease (AIDS) has demonstrated to me that a waiter is not a hazard to persons who dine at a restaurant where he or she works and waits tables.

See the *Surgeon General's Report on Acquired Immune Deficiency Syndrome* dated October 22, 1986, at page 21. Based upon the holding by the United States Supreme Court that tuberculosis is a basis for finding that one suffering therefrom is handicapped, this Court finds that the disease of AIDS is, today, the cause of a like handicap or disability.

For these reasons and the other reasons stated throughout the various hearings held herein, this Court has ruled that the Plaintiff has both stated a cause of action and a claim under the Virginians with Disabilities Act and has proven his cause and claim herein.

This Court does not feel that the herein Defendant, Majestic Caterers, Inc., acted maliciously or intentionally violated public policy, but the Court feels that the proven damages, considering the Plaintiff's duty under the Act to mitigate his damages, is based upon proper factual and legal findings and rulings herein. I determined, as a matter of fact, that the Plaintiff's proven damages amounted to $1,000 under the Act.

This Court, based upon lengthy reading and study of Acquired Immunodeficiency Syndrome, including recommendations made by the Virginia Department of Health, the Surgeon General of the United States, and studies indicating that the public as a whole is more receptive to persons who have tested positive for the antibodies which indicate the presence of the virus, causes this court to find that the rulings herein are necessary under and supported by the Virginians with Disabilities Act and by public policy. Until a cure is found for this disease, the courts must protect those disabled by the disease. The information and evidence provided to this Court lead me to conclude that the Plaintiff, Keith Daniel Chapoton, is clearly and severely psychologically and emotionally disabled by the presence of the virus in his body. AIDS will continue to be an issue before the courts of this Commonwealth until those infected with the virus have had their rights and protections clearly defined.